**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERNESTINE WHEELER, | Case No.: 1:21-cv-1225 JLT BAM |
| Plaintiff, | ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING THE COMMISSIONER'S REQUEST TO AFFIRM, AND REMANDING THE ACTION FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) (Docs. 22, 23, 24) |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER OF SOCIAL SECURITY |

Ernestine Wheeler seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. (Doc. 1.) Plaintiff asserts the administrative law judge erred in addressing the medical record and evaluating Plaintiff's subjective statements concerning her impairments. (Doc. 22.)

**I.      Findings and Recommendations of the Magistrate Judge**

As an initial matter, the magistrate judge observed that Plaintiff applied for benefits after March 27, 2017, and as a result "her claim is governed by the agency's new regulations concerning how an ALJ must evaluate medical opinions." (Doc. 24 at 6, citing 20 C.F.R. § 416.920c.) The magistrate judge found "the ALJ did not commit reversible error in the

evaluation of the opinions of the non-examining, State Agency physicians, Dr. W. Jackson and Dr. S. Lee." (Doc. 24 at 9; *see also id.* at 7-9.) The magistrate judge also determined that "the ALJ appropriately considered the factors of supportability and consistency in evaluating Dr. Nguyen's opinion and the ALJ's determination is supported by substantial evidence." (*Id.* at 10; *see also id.* at 9-10.)

The magistrate judge observed that in evaluating Plaintiff's subjective complaints, the ALJ considered the objective medical evidence, "Plaintiff's relatively conservative court of treatment for her ankle and complaints of pain," and the fact that "Plaintiff continued to smoke cigarettes despite being counseled by medical professionals to stop." (Doc. 24 at 11-12.) The magistrate judge found these were "clear and convincing reasons to discount Plaintiff's subjective complaints." (*Id.* at 11.) In so finding, the magistrate judge observed that "[a]lthough lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider." (*Id.*, citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).) In addition, the magistrate judge noted an ALJ may "consider evidence of conservative treatment in evaluating a claimant's subjective complaints." (*Id.* at 12, citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).) Finally, the magistrate judge observed that "[a]n ALJ may properly consider the failure to comply with advice to stop smoking when evaluating a claimant's subjective complaints." (*Id.*, citing *McKenzie v. Kijakazi*, Case No. 1:20-cv-0327-JLT, 2021 WL 4279015, at *10 (E.D. Cal. Sept. 21, 2021).) Therefore, the magistrate judge concluded "the ALJ did not err in the evaluation of Plaintiff's subjective complaints." (*Id.*)

The magistrate judge found "the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards." (Doc. 24 at 13.) Therefore, the magistrate judge recommended that "Plaintiff's motion for summary judgment and her appeal from the administrative decision of the Commissioner of Social Security be denied and the agency's determination to deny benefits be affirmed." (*Id.*)

**II.     Objections**

Plaintiff filed objections to the Findings and Recommendations, asserting she objected to: (1) the "finding that the ALJ properly evaluated the medical opinion of Plaintiff's treating

physician" and (2) the "finding that the ALJ did not err in the evaluation of Plaintiff's subjective complaints." (Doc. 25 at 2-3, emphasis omitted.)

Plaintiff contends the magistrate judge made "additional references to the record to support the ALJ's analysis" with the supportability determination, and this was "an improper post hoc argument upon which the district court cannot rely." (*Id.* at 2, citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).) Likewise, with the consistency factor, Plaintiff contends the magistrate judge cited findings "not referenced by the ALJ, to find that the ALJ's reasoning was supported by substantial evidence." (*Id.* at 3.) Plaintiff argues it was improper for the magistrate judge "to provide the articulation that the ALJ should have given in the first place." (*Id.*)

Next, Plaintiff asserts the magistrate judge erred in finding the ALJ properly discounted her subjective complaints, because "[t]he ALJ's reliance on alleged conservative treatment and failure to follow medical advice are not clear and convincing reasons for discounting Plaintiff's subjective complaints." (Doc. 25 at 7.) Plaintiff contends her treatment was not conservative, because she was prescribed multiple pain medications; "underwent a course of cervical epidural steroid injections and right ankle bursa injections;" and had several surgical procedures, including "a history of right ankle fixation with hardware placement, right carpal tunnel release in 2009, left carpal tunnel release in 2013 and 2014, and cervical discectomy in October 2018." (*Id.* at 5.) Plaintiff also argues her failure to quit smoking was not a proper consideration, because she "does not suffer from a medical condition that would clearly be aggravated by smoking like asthma, COPD, or cardiovascular problems." (*Id.* at 7, citing *McKenzie*, 2021 WL 4279015, at *10.)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

///

3

**A.     Evaluation of the medical opinion of Dr. Chi Nguyen[1]**

The regulations direct ALJs to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements."  20 C.F.R. §§ 416.920c(c)(1)-(5).  An ALJ is required to discuss supportability and consistency, which are the most important factors "when evaluating the persuasiveness of medical opinions."  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.  We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence."  *Woods*, 32 F.4th at 791-792 (internal quotation marks omitted).  The regulations provide:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1).  On the other hand, consistency compares an opinion with other evidence to determine its persuasiveness.  *See Woods*, 32 F.4th at 792. With the "consistency" factor, the regulations explain:

> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(2).  The Ninth Circuit observed that an ALJ must explain how both the supportability and consistency factors were considered, and "[e]ven under the new regulations, an

---

[1] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017).  Because Plaintiff filed her application on April 2, 2018 (Doc. 14-1 at 19), Plaintiff's claim is subject to the revised rules.

ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

The ALJ observed that "treating physician Chi Nguyen opined that the claimant was disabled for six months" in January 2017. (Doc. 14-1 at 27, citing Exh. B4F/3 [Doc. 14-1 at 410].) In addition, the ALJ noted: "In March 2018, Dr. Nguyen opined that the claimant was unable to work due to right hand pain." (*Id.*, citing Exh. B4F/93-94 [Doc. 14-1 at 500-501].) The ALJ found these opinions were "less persuasive." (*Id.*) In support of this conclusion, the ALJ stated:

> [The opinions] are not supported by the treatment records, which reflect the claimant's last hand surgery was in 2016 (B4F/3; B7F/4; B9F/1; B13F/6). Furthermore, Dr. Nguyen's opinion is not consistent with the results of the physical examinations, in which the claimant's sensation was intact and her cerebellar function finger-nose maneuver and alternating rapid movement of upper extremities were within normal limits (B4F/120; B13F/6).

(*Id.*, citing Doc. 14-1 at 410, 565, 641, 786, 527, 787.)

Although the ALJ concluded that Dr. Nguyen's opinions were "not supported by the treatment records," the context of the statement indicates the ALJ found the opinions are not *consistent with* Plaintiff's surgical history. In this manner, the ALJ appears to conflate the supportability factor with consistency. *See Woods*, 32 F.4th at 793, n.4 (where an ALJ stated an opinion was "not supported by the record," the context of the statement indicated the ALJ meant the "opinion was inconsistent with other record evidence" [internal quotation marks omitted]).

With supportability, the ALJ should consider the extent to which a medical source supports his or her own opinion, and explains the objective medical evidence. C.F.R. § 404.1520c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations *presented by the source*" [emphasis added]); *see also Cuevas v. Comm'r of Soc. Sec.,* 2021 WL 363682 at *10 (S.D.N.Y. Jan. 29, 2021) (the supportability inquiry is "geared toward assessing how well a medical source supported and explained" his or her opinion). Importantly, the ALJ did not cite any findings in treatment notes from Dr. Nguyen, who indicated "[a]ll surgeries are done by Dr. Liu." (Doc. 14-1 at 410.) The ALJ did not make any findings as to what extent—if any— Dr. Nguyen supported his own determination that Plaintiff was unable to work or explained the

5

conclusion. The ALJ also failed to explain to what extent Dr. Nguyen's own treatment records did not support the medical opinions. Consequently, the ALJ failed to properly address the supportability factor under the new regulations, and remand is appropriate on these grounds. *See* 20 C.F.R. § 416.920c(b)(2) (indicating an ALJ must address both the supportability and consistency factors); *see also E.S. v. Kijakazi*, 2022 WL 4292333, at *12 (N.D. Cal. Sept. 16, 2022) ("conflation of the supportability and consistency factors rendered the ALJ's analysis insufficient under the revised articulation requirements").

### B.      Evaluation of Plaintiff's subjective statements

In evaluating a claimant's statements regarding the severity of her symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036.

If there is objective medical evidence of an impairment, an ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because it is unsupported by objective medical evidence. *See Bunnell*, 947 F.2d at 347-48. The Ninth Circuit explained:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

*Smolen v. Chater* 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in *Cotton*, 799 F.2d 1403). Furthermore, an ALJ is directed to identify "specific reasons for the weight given to the individual's symptoms," in a manner "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir. 2004).

The ALJ summarized Plaintiff's statements at the hearing and determined "the claimant's medically determinable impairments could reasonably be expected to cause the alleged

6

symptoms." (Doc. 14-1 at 24.)  However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record..." (*Id.*)  Following this finding, the ALJ summarized the medical records, and concluded "the objective evidence does not comport with the claimant's subjective complaints." (*Id.* at 24-26.)  The ALJ also opined that Plaintiff "treated her ankle pain conservatively with injections," and "primarily treated her pain with medication, especially narcotics." (*Id.* at 26.)  Finally, the ALJ noted Plaintiff "continued to smoke cigarettes despite being counseled by medical professionals to stop." (*Id.*)  Thus, as the magistrate judge found, the ALJ purported to reject Plaintiff's subjective statements based upon inconsistencies with the medical record, the treatment Plaintiff received, and her failure to stop smoking. (*See id.* at 26.)  The Court must determine whether these were clear and convincing reasons for discounting Plaintiff's statements.

      1.  Treatment received

  Evaluating a claimant's statements, the ALJ may consider "the type, dosage, effectiveness, and side effects of any medication." 20 C.F.R. § 416.929(c).  The treatment a claimant received, especially when conservative, is a legitimate factor addressing a plaintiff's statements concerning the severity of symptoms. *Parra*, 481 F.3d at 751 (9th Cir. 2007) ("Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). However, "the fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available." *Block v. Berryhill*, 2018 WL 1567814 at *5 (E.D. Cal. Mar. 31, 2018), quoting *Moon v. Colvin*, 139 F.Supp.3d 1211, 1220 (D. Or. 2015).

  Although the ALJ characterized Plaintiff's treatment for her ankle as "conservative," the ALJ also acknowledged in her summary of the record that Plaintiff previously had "had screws and plates installed in her right ankle in 2005" following a fracture. (*Id.* at 25.)  The ALJ failed to acknowledge this prior surgery in her discussion Plaintiff's subjective statements, which undermines the conclusion that the treatment provided was conservative. *See*, *e.g.*, *Rodriguez v. Berryhill*, 2017 WL 8181028, at *2 (C.D. Cal. Dec. 29, 2017) (finding the ALJ erred addressing a

7

plaintiff's subjective complaints where there was no explanation how a "prior surgery on Plaintiff's right ankle constitutes conservative treatment," though the surgery occurred in 2004, several years before the alleged disability date).

Moreover, courts have questioned whether injections constitute conservative treatment. *See, e.g. Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014) (expressing "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"); *Oldham v. Astrue*, 2010 WL 2850770, at *9 (C.D. Cal. 2010) (noting that injections are "performed in operation-like settings" and finding they are not a form of conservative treatment); *Tagle v. Astrue*, 2012 WL 4364242 at *4 (C.D. Cal. Sept. 21, 2012) ("While physical therapy and pain medication are conservative, epidural and trigger point injections are not"). Thus, it is not clear the injections Plaintiff received to treat her ankle—which Plaintiff reported helped for only one week (Doc. 14-1 at 25, 26)—were properly characterized as "conservative" treatment.

Finally, the ALJ did not identify what more aggressive treatment that she believed to be appropriate for Plaintiff's conditions. Consequently, even if conservative, the treatment Plaintiff received for her pain does not support the ALJ's adverse evaluation of Plaintiff's subjective statements. *See Moon*, 139 F.Supp.3d at 1200; *see also Block*, 2018 WL 1567814 at *5; *A.H. v. Comm'r of Soc. Sec.*, 2020 WL 5443243, at *8 (N.D. Cal. Sept. 10, 2020) (ALJ erred in discounting testimony due to conservative treatment because the ALJ did not cite medical records indicating "more aggressive treatment options").

### 2. Failure to stop smoking

Previously, this Court observed that "[d]istrict courts throughout the Ninth Circuit determined that smoking against medical advice— particularly where a condition is aggravated by smoking—undermines the credibility of a claimant's subjective complaints." *McKenzie,* 2021 WL 4279015, at *10 (citing *Bybee v. Astrue*, 2011 WL 6703568 at *8 (E.D. Cal. Dec. 21, 2011) ["smoking despite medical advice to quit is relevant to the credibility analysis, as is evidence of successfully quitting smoking for significant periods"]; *Broughton v. Astrue*, 2012 WL 1616891 at *2 (C.D. Cal. May 8, 2012) ["plaintiff's failure... to comply with the advice to stop smoking arguably also constituted a legally sufficient reason on which the ALJ could properly rely in

1  support of his adverse credibility determination"]; *Wagnon v. Colvin*, 2016 WL 356079 at *3 (D.
2  Or. Jan. 28, 2016) [finding the ALJ properly determined the "non-compliance with medical
3  advice to discontinue drinking alcohol and smoking tobacco undermined the credibility of his
4  subjective complaints" where the plaintiff "acknowledged that he continued to smoke contrary to
5  medical advice and despite his history of cardiovascular problems"]).

6  In *McKenzie*, the claimant's severe impairments included chronic obstructive pulmonary
7  disease (COPD), and the ALJ found "the record [was] replete with references that the claimant has
8  been advised to stop smoking." *Id.*, 2021 WL 4279015, at *2, *6. The Court observed:

> The medical record indicates that Plaintiff had a history of smoking tobacco for more than 35 years. [Citation.] As the ALJ observed, Plaintiff was "advised to stop smoking" by various treatment providers. [Citation.] For example, at a pulmonary appointment in June 2015, Plaintiff and her physician had a discussion regarding "cessation of smoking." [Citation.] Emergency room records from the same month indicate the treatment providers discussed Plaintiff's COPD with her and indicated "she should give serious thought to stop smoking, since she is only smoking 3 cigarettes a day." [Citation.]

14  *Id.* at *10 (citations omitted.) The ALJ found McKenzie's smoking was linked to her identified
15  severe impairments, and "reasoned [the] failure to stop smoking 'suggests that the symptoms may
16  not have been as serious/limiting as the claimant has alleged.'" *Id.* The Court observed that
17  McKenzie did not exhibit a lack of candor regarding her failure to stop smoking, but because she
18  did not explain her failure to comply with the instruction to stop smoking, the Court concluded
19  the factor offered "limited support to the ALJ's rejection of Plaintiff's statements concerning the
20  severity of her physical impairments." *Id.*, citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d
21  1219, 1227 (9th Cir. 2009).)

22  Here, the ALJ determined Plaintiff's severe impairments included "residuals of a fracture
23  on the right ankle, followed by open reduction internal fixation and screw removal;
24  radiculopathy in cervical spine with residuals of anterior cervical discectomy; peripheral
25  neuropathy; a history of bilateral carpal tunnel syndrome with post-surgery residuals; and
26  obesity." (Doc. 14-1 at 22.) In contrast to the findings made in *McKenzie*, the ALJ did not link
27  any of Plaintiff's severe physical impairments to her smoking. There is no indication that
28  Plaintiff's failure to stop smoking suggests that her symptoms were not as serious or as limiting

as she alleged. *Compare with McKenzie,* 2021 WL 4279015, at *10. Consequently, Plaintiff's failure to stop smoking does not undermine her subjective complaints concerning the severity of her pain in her ankles, hands wrists, and spine.

### 3. Objective medical evidence

Importantly, because the other factors considered by the ALJ do not support her decision to discount Plaintiff's subjective statements, the sole remaining factor considered by the ALJ was the consistency with the objective medical evidence. (*See* Doc. 14-1 at 26.) In general, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can be "specific and substantial reasons that undermine … credibility." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). However, a claimant's "testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence…." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony"). Consequently, the ALJ failed to properly set forth findings "to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

## IV. Conclusion and Order

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter, the Court finds the ALJ failed to apply the proper legal standards, and declines to affirm the decision of the ALJ.

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that

the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

A remand is appropriate for further consideration of the opinion of Dr. Nguyen, including clarification by the ALJ regarding the supportability factor and persuasiveness of a medical opinion. *See* 20 C.F.R. § 416.920c(c)(1). Similarly, a remand for further proceedings regarding the subjective statements of a claimant is an appropriate remedy. *See, e.g., Bunnell*, 947 F.2d at 348 (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further proceedings evaluating the credibility of [the claimant's] subjective complaints…"). Accordingly, a remand for further proceedings is appropriate in this action. Based upon the foregoing, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 24).
2. Plaintiff's motion for summary judgment (Doc. 22) is **GRANTED**.
3. Defendant's request to affirm the administrative decision (Doc. 23) is **DENIED**.
4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.
5. The Clerk of Court is directed to enter judgment in favor of Plaintiff Ernestine Wheeler and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **June 23, 2023**

_____
UNITED STATES DISTRICT JUDGE